Kendal R. Hoopes, WSB No. 6-3422
Yonkee & Toner, LLP
P. O. Box 6288
Sheridan, WY 82801
307-674-7451
*Attorney for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| HARRY POLLAK, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 22-CV-49-ABJ |
| | ) |
| SUSAN WILSON, et al. | ) |
| | ) |
| **Defendants.** | ) |

**SCSD2's Reply to Pollak's Response in Opposition
to SCSD's Motion for Summary Judgment**

Defendants Sue Wilson et al. (referred to collectively herein as "SCSD2") hereby reply to the Plaintiff's response in opposition to SCSD's motion for summary judgment.

**New Issues Raised by Pollak**

The following new issues and arguments were raised by Plaintiff Harry Pollak ("Pollak") in Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (ECF No. 67):

1. Pollak contends that Policy BEDH violates the First Amendment as applied to speakers mentioning staff while discussing school policy.

2. Pollak contends that Policy BEDH bans speakers from commenting on school policy issues discussed during SCSD2 board meetings.

SCSD2 replies to these new arguments as follows:

**Response to Pollak's Additional Statement of Facts**

Pursuant to U.S.D.L.R. 7.1(b)(2)(D), SCSD2 provides the following statement concerning Pollak's Additional Statement of Undisputed Material Facts. The parties do not dispute the facts of this case. However, Pollak's recitation of certain facts contains misstatements, partial recitations of the facts, and in some cases argument, as addressed below. These inaccuracies do not present genuine issues of material fact for purposes of the motion for summary judgment.

<u>Pollak Statement of Fact B</u>. Pollak's description of these facts suggests that the Board receives reports or other information about SCSD2 employees, including the superintendent, during the public comment portion of board meetings. This is incorrect. Reports and other information about SCSD2 employees are provided to the Board during the executive session portion of board meetings. (See ECF No. 66, Exhibit 3, p. 12; Exhibit 4, p. 11; Exhibit 5, p. 12; Ex. 6, p. 13; Exhibit 8, pp. 10-11; Exhibit 9, p. 18; Exhibit 10, pp. 15-16; Exhibit 11, p. 11). These board minutes show that the Board went into executive session to discuss personnel matters and then came back into open session to take action on the Personnel Action Reports.

<u>Pollak Statement of Fact C</u>. Pollak's description of these facts suggests that the referenced statements were made during the public comment portion of board meetings. This is incorrect. SCSD2 board meetings often have various agenda items during its board meetings in which school district personnel may be mentioned. However, these specific agenda items are not open to the public for comment, are not covered by Policy BEDH, and are not at issue in this case. The statements referenced in Pollak's Exhibit 3 were made during various specific agenda items addressed during the referenced board meetings that were not open for public comment and were not covered by Policy BEDH. Reports and other information about the performance or evaluation of school district employees were provided to the Board during the executive session portion of

the meetings referenced by Pollak.  (See ECF No. 66, Exhibit 3, p. 12; Exhibit 4, p. 11; Exhibit 5, p. 12;  Ex. 6, p. 13;  Exhibit 8, pp. 10-11; Exhibit 9, p. 18; Exhibit 10, pp. 15-16; Exhibit 11, p. 11).

<u>Pollak Statements of Fact E, F, G, H, and L</u>.  These statements of fact refer to various provisions in Policy BEDH.  SCSD2 does not dispute the facts stated to the extent Pollak accurately cites Policy BEDH, but otherwise takes the position that Policy BEDH speaks for itself.  (ECF No. 64, Exhibit S).

<u>Pollak Statement of Fact I</u>.  Pollak's statement misstates and/or incorrectly summarizes deposition testimony.  Wilson testified that the term personnel matter refers to:  "Matters that have to do anything that concerns these people [employees]."  (Exhibit AA, Wilson Deposition, at 32:13-14).  Rader testified that the term personnel matter refers to "[matters] pertaining to the employment of a district staff member."  (Exhibit AB, Rader Deposition, at p. 29:13-15).  Stults testified "Certainly during audience comments, it is not appropriate for the audience to speak about personnel" and "I would hold to the fact that personnel matters cannot be discussed during public comment."  (Exhibit AC, Stults Deposition, at 32:2-4, 33:6-8).

<u>Pollak Statement of Fact J</u>.  Pollak's statement misstates and/or incorrectly summarizes deposition testimony.  In reference to her occasionally telling the audience that positive comments were welcome, Wilson stated:  "I was not changing the policy.  I was trying to make people feel like they were welcome."  (Exhibit AA, Wilson Deposition, at 37:19-20).

<u>Pollak Statement of Fact K</u>.  Pollak's statement misstates and/or incorrectly summarizes Wilson's deposition testimony.  Further, Pollak's statement suggests that SCSD2 has not stopped other speakers from discussing personnel during public comment, which is not true.  Wilson testified that there have been other instances when the restriction against discussing personnel matters was enforced against someone speaking about school district employees.  (Exhibit AA,

Wilson Deposition, at 45:16-24). Stults also testified that there have been other occasions where an individual has been stopped by the Board Chair and advised that he/she could not speak about personnel matters. (Exhibit AC, Stults Deposition, at 89:25 – 92:25).

<u>Pollak Statement of Fact O</u>. SCSD2 disputes the last sentence of Pollak's Statement of Fact No. 15. Individuals did have the chance to discuss the issues Stults publicly addressed during the January 10, 2022 board meeting. Pollak and other members of the community spoke during the public comment portion of this meeting. (ECF No. 64, Exhibit U, Pollak Deposition, pp. 74-82; ECF No. 64, Exhibit A, Stults Affidavit, ¶ 25; ECF No. 64, Exhibit G).

<u>Pollak Statement of Facts Q, R, and S</u>. Pollak's summary of his comments during the February 7, 2022 board meeting is not complete and does not correctly summarize the statements made by him and others. The video recordings depicting this incident speak for themselves. (ECF No. 64, Exhibit O, Exhibit P).

<u>Pollak Statement of Fact U</u>. Pollak's statement misstates and/or incorrectly summarizes deposition testimony. Wilson testified that she stopped Pollak "because he was violating the personnel matter rule." (Exhibit AA, Wilson Deposition, at 43:25-44:12).

<u>Pollak Statement of Facts V and W</u>. Pollak's statements are asserted as statements of fact, but they are more accurately characterized as Pollak's personal opinion and/or personal views with respect to the matters addressed.

**Related Pleadings**

The parties have filed cross motions for summary judgment. SCSD2 incorporates by reference the argument and exhibits contained in SCSD2's Response in Opposition to Pollak's Motion for Summary Judgment (ECF No. 68). Pursuant to U.D.C.L.R. 7.1(c)(3), SCSD2 is not resubmitting exhibits, but rather, will refer to exhibits already filed by reference.

**LEGAL ARGUMENT**

**I.   The personnel restriction in Policy BEDH was not unconstitutional as applied to Pollak.**

In his attempt to sidestep the facts of this case and avoid the prior decisions of this Court and the Tenth Circuit, Pollak goes to great lengths to try and rephrase the issue.  He now argues that he is limiting his claim regarding the personnel restriction in Policy BEDH "as applied to speakers who mention public officials while discussing an otherwise permissible topic – school policy."  (ECF No. 67, p. 9-10).  But this is not what happened.  Pollak was <u>not</u> stopped because he "mentioned" a public official.  Rather, he was stopped because he made an allegation that a specific employee (Superintendent Stults) had violated the Constitution.  Accusations concerning the lawfulness of the conduct of a specific employee certainly constitute a personnel matter. [1]

Pollak's argument confuses the analysis employed by the courts in addressing facial and as-applied challenges to a governmental policy.  "A facial challenge considers the restriction's application to all conceivable parties, while an as-applied challenge tests the application of that restriction to the facts of a plaintiff's concrete case." *Colo. Right To Life Comm. v. Coffman*, 498 F.3d 1137, 1146 (10th Cir. 2007).  While Pollak's claim pertaining to speakers who mention public officials while discussing school policy may appear to be "as applied" in the sense that it does not challenge Policy BEDH in all possible applications, it is actually "facial" as it is not limited to his

---

[1] In his response brief, Pollak states: "Pollak does not challenge the Personnel Rule as applied to employment matters (such as grievances or evaluations) that potentially raise personal or confidential information.  (ECF NO. 67, p. 10).  Pollak likely knows he cannot prevail on such a claim because that is precisely what he did when he began speaking.  However, Pollak's express rejection of such an as-applied claim is surprising and ultimately determinative of this issue.

particular case. *See United States v. Supreme Ct. of New Mexico*, 839 F.3d 888, 913-915 (10th Cir. 2016) (discussing analysis utilized to determine whether to apply standards for a facial claim or standards for an as-applied claim); *Edwards v. District of Columbia*, 755 F.3d 996, 1001 (D.C. Cir. 2014) (noting the distinction between a facial and as-applied challenge lies in the breadth of the remedy sought from the court).

To the extent Pollak is still making a facial challenge, the issue has already been decided by *Pollak v. Wilson*, 2022 WL 17958787 at 9-11 (10th Cir. 2022). To the extent Pollak is making an as-applied claim he must do so based on the facts of this case. Thus, analysis of any as-applied claim in this situation would examine whether Pollak's actual speech (i.e., alleging that the Superintendent had violated his Constitutional rights) was prohibited by Policy BEDH. Pollak cannot change the facts of this case and claim that he was stopped because he merely "mentioned" the superintendent's name.

Although Pollak now tries to argue that he did not intend to discuss personnel matters. (ECF No. 67, p. 12), the material facts of this case are undisputed. Pollak began his public comments by alleging that Superintendent Stults "violated our rights" under the Constitution. (ECF No. 64, Exhibit O). This statement pertaining to the conduct and/or performance of a school district employee clearly involved a personnel matter, which is not denied by Pollak. Pollak was stopped, advised that he could not discuss personnel matters, and given the opportunity to talk about other matters during his public comment or address the Board in private during executive session. Pollak declined these options. Instead, he continued to argue, refused to comply with the Board Chair's directions, and refused to leave the podium until he was removed by law enforcement. (ECF No. 64, Exhibit O; Exhibit P).

The personnel matters restriction is intended to protect school district employees from having information about their employment discussed in public. Its application to Pollak in this case was appropriate. Pollak's allegations about the lawfulness of the Superintendent's conduct should have been addressed in executive session with the Board or under other established school district policies such as the Board's grievance policy. (ECF No. 64, Exhibit A, Affidavit of Stults, ¶ 38).

Pollak also contends that the Board prevented his comments but allowed other speakers to discuss personnel matters during the public comment period of its board meeting. This is not accurate. Both former Chair Wilson and Superintendent Stults testified that there have been other instances when the personnel rule in Policy BEDH has been enforced against someone speaking about personnel matter during public comment. (ECF No. 68, Exhibit AA, Wilson Deposition, at 45:16-24; ECF No 68, Exhibit AC, Stults Deposition, at 89:25 – 92:25).

Pollak points to two instances that he claims supports his argument that Policy BEDH has been applied by SCSD2 improperly. (ECF No. 66, p. 19). In his first example, a speaker during public comment in a board meeting "thanked the board and the Superintendent for the decisions they made last year to keep teachers and students safe." (ECF No. 66, Exhibit 3, p. 4). In the second example, a speaker "thanked [an employee] for his help in addressing the questions she had prior to the meeting." (ECF No. 66, Exhibit 9, p. 17).

Pollak cannot seriously contend that a speaker saying "thank you" during public comment constitutes discussion of a personnel matter. Neither of these examples is comparable to Pollak's statement during public comment that the Superintendent had violated his Constitutional rights. Allowing incidental comments involving common courtesy does not mean that the Board has opened the door to discussion of personnel matters during public comment. *See McBreairty v.*

*Miller*, 2023 WL 3096787, at (D. Me. Apr. 26, 2023) (holding that school district's enforcement of public participation policy against plaintiff who was stopped from speaking after making specific allegations against a teacher during public comment was not unconstitutional as applied to the plaintiff).

**II.     Policy BEDH does not ban speakers from commenting on matters discussed at SCSD2 public meetings.**

Pollak also argues that Policy BEDH bans speakers from commenting on school district policy issues during public comment. (ECF No. 67, p. 10). This argument significantly misstates the restriction set forth in Policy BEDH and its application to the facts of this case. Policy BEDH does not prohibit speakers from discussing school policy during public comment. Neither Pollak nor other members of the public were prohibited from commenting on matters discussed at SCSD2 public meetings. Pollak spoke during public comment in the January 10, 2022 school board meeting without interruption in opposition to the mask requirement. (ECF No. 64, Exhibit A, Stults Affidavit, ¶ 25; ECF No. 64, Exhibit G). On the night in question, February 7, 2022, Pollak was given multiple opportunities to talk on something other than personnel. (ECF No. 64, Exhibit A, Stults Affidavit, ¶ 29; ECF No. 64, Exhibit O and Exhibit P). He just declined to do so.

The record is also clear that the Board allowed others to express their viewpoints with respect to school district policy. Many members of the community expressed their viewpoints during the public comment portion of board meetings with respect to masks and the pandemic during the 2021-2022 school year. (ECF No. 64, Exhibit A, Stults Affidavit, ¶ 11; ECF No. 64, Exhibits C, D, E, F, G). There is simply no basis for Pollak's contention that Policy BEDH bans speakers from commenting on school policy issues.

**Conclusion**

SCSD2 respectfully requests that the court grant its motion for summary judgment.

Dated this 13th day of October, 2023.

                                                /s/ Kendal R. Hoopes
                                                Kendal R. Hoopes, WSB No. 6-3422
                                                Yonkee & Toner, LLP
                                                P. O. Box 6288
                                                Sheridan, WY 82801-1688
                                                Telephone No. (307) 674-7451
                                                Facsimile No. (307) 672-6250
                                                krhoopes@yonkeetoner.com
                                                *Attorney for Defendants*

**Certificate of Service**

I, Kendal R. Hoopes, hereby certify that on October 13, 2023, I served a true and correct copy of the above and foregoing through the Case Management/Electronic Case Filing (CM/ECF) system for the United States Federal Court for the District of Wyoming.

    Brett Nolan (*pro hac vice*)
    Institute for Free Speech
    1150 Connecticut Ave., N.W., Suite 801
    Washington, DC 20036
    Telephone No. (202) 301-3300
    bnolan@ifs.org
    *Attorney for Plaintiff*

    Seth "Turtle" Johnson, WSB No. 7-5748
    Adelaide P. Myers, WSB No. 7-6500
    Slow and Steady Law Office, PLLC
    P.O. Box 1309
    Saratoga, WY 82331
    (307) 399-6060
    Turtle@SlowandSteadyLaw.com
    Addie@SlowandSteadyLaw.com
    *Attorneys for Plaintiff*

                                                /s/ Kendal R. Hoopes
                                                Kendal R. Hoopes, WSB No. 6-3422